# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHARON PETTWAY, individually And on behalf of all others similarly situated, | ) ) ) 03 — 1 0 9 3 2 Civil Action No. ) |
| Plaintiff, | ) RECEIPT # 47361 |
| | ) AMOUNT $ 160 |
| v. | ) SUMMONS ISSUED 425 |
| | ) LOCAL RULE 4.1 |
| HARMON LAW OFFICES, P.C. | ) WAIVER FORM |
| | ) MCF ISSUED |
| Defendants. | ) BY DPTY. CLK. ROM |
| | ) DATE 5-16-03 |

## CLASS ACTION COMPLAINT

## I. Introduction

1.    This class action seeks relief for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), and state law. Defendant routinely attempts to collect and does collect foreclosure attorney fees that are unreasonable and not legally due from the mortgagor.  Harmon Law also routinely attempts to collect and does collect other fees, including sheriff service fees and certified mail fees, in amounts that exceed the actual cost to Harmon Law of such items.  The fees, costs, and charges are demanded and collected in the context of reinstatement demands and loan payoffs.  These collection activities are prohibited by the FDCPA.  Ms. Pettway and the classes she seeks to represent also request relief for misrepresentation, and unjust enrichment.

2.    The unlawful fees and charges demanded by Harmon Law increase the amounts that financially strapped Massachusetts homeowners must raise to reinstate or

MAGISTRATE JUDGE Alexander

1

| | |
|---|---|
| Escrow Advance Balance | $ 1,691.73 |
| Accumulated Late Charge | $    61.64 |
| Inspections | $    65.00 |
| Recording Fees | $    30.00 |
| VA Appraisal | $   350.00 |
| Legal Fees and Costs | $ 2,237.25 |

14.    A true and correct copy of the letter dated October 23, 2002 from Harmon Law to Ms. Pettway is attached hereto and labeled Exhibit B.

15.    Total interest and other charges asserted in the October 23, 2002 letter is $8,183.39. Thus, in the nine (9) days between October 14, 2002 and October 23, 2002, Harmon Law asserted that an additional $3,426.68 had become due from Ms. Pettway on the mortgage.

16.    On information and belief, outstanding foreclosure legal fees and costs as of October 23, 2002 on Ms. Pettway's account were far less than $2,237.25. On October 23, 2002, no action to foreclose on the mortgage had yet been taken.

17.    On or about October 29, 2002, Harmon Law sent a reinstatement letter to Ms. Pettway which itemized the amounts needed to bring her account current, and included legal fees and costs of $2,237.25.

18.    A true and correct copy of the letter dated October 29, 2002 from Harmon Law to Ms. Pettway is attached hereto and labeled Exhibit C.

4

19.     On or about October 31, 2002, Harmon Law sent to Ms. Pettway an Order of Notice pursuant to the filing of a complaint for authority to foreclose a mortgage under the Soldiers' and Sailors' Civil Relief Act of 1940.  The complaint was filed on October 25, 2002.

20.     On or about November 7, 2002, Ms. Pettway sent a letter to Harmon Law requesting a breakdown of the legal fees and costs sought in the pay-off letter.

21.     On or about November 15, 2002, Harmon Law sent a letter to Ms. Pettway which contained the following itemization of the legal fees and costs:

Legal Fees........................................................ $1,100.00

Costs:

Municipal Lien Certificate ..............................$   25.00

Filing Fees ...................................................... $210.00

Title Searches ................................................. $396.25

Recording Fees ..............................................$   97.00

Publications.................................................... $280.00

Sheriff Service................................................$ 100.00

Certified Mail.................................................$   24.00

Overnight Mail Services..................................$     5.00

22.     A true and correct copy of the letter dated November 15, 2002 from Harmon Law to Ms. Pettway is attached hereto and labeled Exhibit D.

23.    On or about November 22, 2002, Harmon Law sent a letter to Ms. Pettway with an itemization of the amount needed to reinstate her mortgage by bringing her payments current.

24.    A true and correct copy of the letter dated November 22, 2002 from Harmon Law to Ms. Pettway is attached hereto and labeled Exhibit E.

25.    According to the itemization in that letter, the legal fees and costs as of that date were $3,645.93.

26.    On information and belief, outstanding foreclosure legal fees and costs as of November 22, 2002 on Ms. Pettway's account were far less than $3,645.93.

27.    On or about December 9, 2002, Harmon Law sent a letter to Ms. Pettway's authorized representative with an itemization of the amount needed to reinstate her mortgage.

28.    A true and correct copy of the letter dated December 9, 2002 from Harmon Law to Ms. Pettway is attached hereto and labeled Exhibit F.

29.    According to the itemization in that letter, the legal fees and costs as of that date were $4,020.46.

30.    On information and belief, outstanding foreclosure legal fees and costs as of December 9, 2002 on Ms. Pettway's account were far less than $4,020.46.

31.     Although Ms. Pettway did not agree that Harmon Law's  various pay-off quotes and pay-off figures were accurate, on or about December 9, 2002, she made a payment of $12,153.52 to Harmon Law to reinstate her mortgage. This payment included at least $4,020.46 in legal fees and costs.

32.     Ms. Pettway made such payment under duress and without the advice of  counsel, solely in order to prevent continued efforts by ABN Amro and Harmon Law to foreclose on her family's home.

33.     Ms. Pettway obtained the funds to make this payment with great difficulty by borrowing from family members.

34.     On information and belief, Harmon Law has no time records or other back-up information necessary to support the amount of fees it charged to Ms. Pettway.

35.     On information and belief, Harmon Law paid far less than the $100 demanded for sheriff service.

36.     On information and belief, Harmon Law paid far less than the $24 demanded for certified mail.

7

37.    On information and belief, Harmon Law consistently demanded foreclosure fees from Ms. Pettway that it had not yet earned as well as foreclosure costs that it had not yet expended, thereby greatly increasing the amount Ms. Pettway was required to raise in order to prevent foreclosure on her home.

38.    On or about January 15, 2003, Ms. Pettway received a refund check from Harmon Law in the amount of $142.38. The letter accompanying the check stated: "A review of your file following the application of your recent payment to this office has indicated that this sum is due to you." No further explanation of the refund was provided.

39.    On or about January 21, 2003, Ms. Pettway received a refund check from Harmon Law in the amount of $95.00. This letter also stated that: "A review of your file following the application of your recent payment to this office has indicated that this sum is due to you." No further explanation of the refund was provided.

40.    The payment of refunds by Harmon Law confirms that the pay-off and reinstatement demands made by Harmon Law were wrong. Even with the refunds, Ms. Pettway was substantially overcharged.

41.    Despite Ms. Pettway's payment to Harmon Law in the amount demanded, ABN AMRO continued to claim that her mortgage was in default. ABN AMRO continued to refuse payments and assess late charges on the account.

42.    On information and belief Harmon Law did not notify ABN AMRO of Ms. Pettway's reinstatement in a timely fashion and did not forward the funds it had received for reinstatement to ABN AMRO.

43.    Ms. Pettway contacted Harmon Law during February 2003, at which time they acknowledged the reinstatement. At that time, ABN AMRO first resumed accepting payments from Ms. Pettway, but did not cancel late charges that had accumulated between December, 2002 and February 2003.

## V. Policies And Practices Complained Of

44.    On information and belief, Harmon Law has regularly collected or attempted to collect attorney's fees from borrowers even though such fees have not yet been earned and are not legally due and owing.

45.    On information and belief, Harmon Law has regularly collected or attempted to collect attorney's fees from borrowers for legal services that have not yet been provided to the mortgagees who are Harmon Law's clients.

46.    On information and belief, Harmon Law has regularly collected or attempted to collect attorney's fees from borrowers for legal services, even though it has no records to support those fees.

47.    On information and belief, Harmon Law has regularly collected or attempted to collect attorney's fees in  amounts that are not due and owing under the contractual agreements between borrowers such as Ms. Pettway, and their mortgagees.

9

48.     On information and belief, Harmon Law has regularly collected or attempted to collect sheriff service fees and certified mail fees in excess of the amount Harmon Law actually pays for these items.

49.     In attempts to collect consumer debt, the FDCPA prohibits, among other things: attempting to collect amounts (including interest, attorney fees, collection costs or expenses) not permitted by law (15 U.S.C. § 1692f(1)); using unfair and unconscionable collection methods (15 U.S.C. § 1692f); giving a false impression of the character, amount, or legal status of the alleged debt (15 U.S.C. § 1692e(2)); using false or deceptive collection methods (15 U.S.C. § 1692e(5)); and making threats to take action which cannot legally be taken (15 U.S.C. § 1692(e)(10)).

50.     Harmon Law's communications to homeowners fail to state "the amount of the debt" as required by 15 U.S.C. § 1692g(a)(1).

51.     M.G.L. c. 93 § 49 prohibits the collection or attempted collection of a debt in an unfair, deceptive or unreasonable manner.

52.     Harmon Law, by falsely and deceptively representing to Ms. Pettway and others like her that its demand for payment of attorney's fees, sheriff's service fees, and certified mail fees was proper under the FDCPA, loan contracts, and state law, violated and continues to violate the rights of hundreds or thousands of consumers and, is engaged in a continuing pattern of unfair and deceptive business practices, in violation of the FDCPA and Massachusetts law.

53.     By seeking to collect such fees, Harmon Law creates substantial hardship on financially strapped homeowners such as Ms. Pettway, who are seeking to save their homes from

foreclosure. Harmon Law's improper fees and costs greatly increase the amount that struggling homeowners have to raise to reinstate their mortgages and thereby preserve their homes.

54.    Ms. Pettway was only able to pay the improper fees and costs demanded by obtaining substantial loans from relatives. Many other homeowners are unable to raise the additional money required by Harmon Law and thereby lose their homes to foreclosure or forced sale.

## VI. CLASS ALLEGATIONS

55.    Ms. Pettway brings this action on behalf of three classes of all other persons similarly situated.

56.    The first class (the "FDCPA class") consists of all persons who satisfy the following criteria:

> (i)    Massachusetts residents;
>
> (ii)   from whom Harmon Law collected or attempted to collect
>
> > a. attorney's fees for legal work purportedly related to collection, default or foreclosure of a mortgage, which fees were not yet legally due and owing, or
> >
> > b. foreclosure costs in excess of the amounts expended by Harmon Law;
>
> (iii)  whose foreclosures were not completed by Harmon Law in accordance with applicable Massachusetts law because the loan was reinstated or paid off prior to the time of sale;
>
> (iv)   during the one year period prior to the filing of the complaint in this action.

57.    The second class (the "attorney's fees overcharge class") consists of all persons who satisfy the following criteria:

11

(i)     Massachusetts residents;

(ii)    from whom Harmon Law collected attorney's fees for legal work purportedly related to collection, default or foreclosure of a mortgage, which fees were not yet legally due and owing;

(iii)   whose foreclosures were not completed by Harmon Law in accordance with applicable Massachusetts law because the loan was reinstated or paid off prior to the time of sale;

(iv)    during the three year period prior to the filing of the complaint in this action.

58.     The third class (the "foreclosure costs overcharge class") consists of all persons who satisfy the following criteria:

(i)     Massachusetts residents;

(ii)    from whom Harmon Law collected sheriff service fees or certified mail fees in excess of the amounts Harmon Law actually paid for these items;

(iii)   during the three year period prior to the filing of the complaint in this action.

59.     On information and belief, each class is sufficiently numerous that joinder of all members is impractical.

60.     There are questions of law and fact common to each class, which common issues predominate over any issues peculiar to individual class members. The principal common questions include:

a.)  Whether Harmon Law seeks to collect attorney's fees which are not yet earned and which are not legally due and owing;

b)  Whether Harmon Law seeks to collect attorney's fees in excess of amounts class members are legally obligated to pay under the loan contract;

c)  Whether Harmon Law seeks to collect sheriff service fees and certified mail fees in excess of the amounts Harmon Law actually pays for these items;

12

d)   Whether Harmon Law's collection letters falsely represent the nature, character or amount of the debt;

e)   Whether Harmon Law's communication to class members fail to state "the amount of the debt" as required by 15 U.S.C. § 1692g(a)(1).

f)   Whether Harmon Law has intentionally misrepresented the amount of debts owed by homeowners to it by including in its collection letters fees which are not legally due and owing; and

g)   Whether Harmon Law has collected amounts that are not due and owing from class members.

61.   Ms. Pettway has the same claims as the members of each class. All of the claims are based on the same factual and legal theories.

62.   Ms. Pettway will fairly and adequately represent the interest of the class members. Ms. Pettway has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why Mr. Pettway and her counsel will not vigorously pursue this matter.

63.   Certification of these classes pursuant to Fed. R. Civ. P. 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights. In the absence of a class action, a failure of justice will result.

64.   Certification of these classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Harmon Law has acted on grounds generally applicable to each class thereby making appropriate declaratory relief with respect to the classes as a whole.

## Count I: Violations of the FDCPA

65.   All above averments are incorporated herein by reference.

66.   Harmon Law violated the FDCPA by the following conduct:

13

a) attempting to collect amounts not permitted by law (15 U.S.C. § 1692f(1));

b) using unfair and unconscionable collection methods (15 U.S.C. § 1692f);

c) giving a false impression of the character, amount, or legal status of the alleged debt (15 U.S.C. § 1692e(2));

d) using false or deceptive collection methods (15 U.S.C. § 1692e(5));

e) making threats to take action which cannot legally be taken (15 U.S.C. § 1692(e)(10)); and

f) failing to state "the amount of the debt" as required by 15 U.S.C. § 1692g(a)(1).

67.     Ms. Pettway and members of the FDCPA Class are entitled to relief available under the FDCPA, 15 U.S.C. § 1692k.

## Count II: Declaratory Judgment for Violations of Massachusetts Debt Collection Law

68.     All above averments are incorporated herein by reference.

69.     Harmon Law violated M.G.L. c. 93 §49, by attempting to collect a debt in an unfair, deceptive or unreasonable manner. A violation of c. 93 § 49 is also a violation of c. 93A.

70.     Ms. Pettway and members of each Class have suffered damages by virtue of Harmon Law's violations.

71.    Ms. Pettway and members of each Class are entitled to a declaratory judgment that Harmon Law's practices are unlawful.

### Count III: Unjust Enrichment/Restitution

72.    All above averments are incorporated herein by reference.

73.    Harmon Law has collected amounts that are not due and owing by contract or under applicable law.

74.    Harmon Law has been unjustly enriched by its conduct at the expense of Ms. Pettway, members of the attorney's fee overcharge class, and members of the foreclosure costs overcharge class.

75.    Ms. Pettway, members of the attorney's fee overcharge class, and members of the foreclosure costs overcharge class are entitled to relief for unjust enrichment including, without limitation, restitution to the extent permitted by law and equity.

### Count IV:  Intentional Misrepresentation

76.    All above averments are incorporated herein by reference.

77.    Harmon Law has represented to Ms. Pettway and Members of each Class that it is entitled to collect legal and other fees in excess of amounts legally due and owing.

78.    Harmon Law's representations concerning the right to collect such fees and charges were false.

15

79.    Harmon Law knew or should have known that such representations were false.

80.    Ms. Pettway, members of the attorney's fee overcharge class, and members of the foreclosure costs overcharge class relied on Harmon Law's false representations concerning its entitlement to collect such legal fees and padded charges and  did pay such fees and charges to their detriment.

81.    Reliance was reasonable or justifiable in the circumstances.

82.    Ms. Pettway, members of the attorney's fee overcharge class, and members of the foreclosure costs overcharge class have suffered damages.

83.    Ms. Pettway, members of the attorney's fee overcharge class, and members of the foreclosure costs overcharge class are entitled to relief for intentional misrepresentation.

WHEREFORE, Ms. Pettway requests that the Court certify each class and order the following relief against Defendant Harmon Law:

*For Ms. Pettway and the members of the FDCPA class:*

a.    actual and statutory damages pursuant to 15 U.S.C. §1692k(2)(B);

*For Ms. Pettway, members of the attorney's fee overcharge class, and members of the foreclosure costs overcharge class:*

b.    actual damages for misrepresentation;

c.    declaratory judgment that Harmon Law's conduct violates Massachusetts law;

e.    restitution based on Harmon Law's unjust enrichment;

f.    disgorgement of Harmon Law's unjustly obtained funds;

*For Ms. Pettway and members of each class:*

g.    an award attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(3) or under other applicable law; and

h.    such other and further relief as is appropriate.

Respectfully submitted,
By her attorneys,

DATED: May 16, 2003

_____
Gary Klein (BBO No. 560769)
Elizabeth Ryan (BBO No.49632)
John Roddy (BBO No. 424240)
Grant & Roddy
44 School Street
Boston, MA  02108
(617) 248-8700

Stuart Rossman (BBO No.  430640)
Odette Williamson (BBO No. 634791)
National Consumer Law Center
77 Summer Street, 10th Floor
Boston, MA  02110
(617) 542-8010

**JURY DEMAND**

Plaintiff demands trial by jury.

_____
Gary Klein

17

A

*EXHIBIT A*

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL (617) 558-0500
FAX (617) 244-7304

SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND

October 14, 2002

Mr. Carlton D. Pettway
45 Brent Street
Dorchester (Boston), MA 02124

RE:    Mortgage on 45 Brent Street, Dorchester (Boston), Massachusetts

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND
## ACCELERATION OF MORTGAGE NOTE

Dear Mr. Pettway:

You are hereby notified that it is the intention of State Street Bank & Trust Company, as trustee u/a Trust Agreement, dated as of August 1, 1998 ("Holder"), holder of a note and mortgage from Carlton D. Pettway and Sharon D. Pettway to Fleet Real Estate Funding Corp., in the original principal amount of $70,000.00 dated May 27, 1993 to foreclose said mortgage under Power of Sale  and by entry for breach of the conditions of the loan documents. You are further notified that the Holder hereby elects to accelerate said note and declares the entire balance due and payable forthwith and without further notice.

Under the terms of the note and mortgage, there is now outstanding $62,939.69 in principal and $4,756.71 in interest and other charges for a total of **$67,696.40**.  Furthermore, attorney's fees and costs and other charges continue to accrue pursuant to the terms of the loan documents.

Please be advised that the amount necessary to reinstate or pay off your loan changes daily. Therefore, if you desire to reinstate or pay off your loan, please contact this office and it will obtain the amount necessary to reinstate or pay off your loan.  Please also be advised, however, that the Holder reserves its right, if allowed by the loan documents, to refuse to accept a reinstatement and to insist upon full payment of all amounts due.

Unless you notify this office within thirty (30) days of receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty (30) days of receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt from the Holder and will mail you a copy of such verification.  If you notify this office in writing within thirty (30) days of receiving this

notice that you want to obtain the name and address of the original creditor, this office will obtain this information from the Holder and will mail the information to you.

The law does not require this office to wait until the end of the thirty (30) day period before proceeding with legal action to collect this debt. If, however, you request in writing proof of this debt or the name and address of the original creditor within the thirty (30) day period which begins with your receipt of this notice, the law requires this office to suspend its efforts (through litigation or otherwise) to collect the debt until it mails the requested information to you.

Very truly yours,

Andrea S. Youman, Esquire

ANS/LMB/200210-0195

CERTIFIED MAIL NO. 7160 3901 9841 0777 1760
RETURN RECEIPT REQUESTED

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**B**

*EXHIBIT B*

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL (617) 558-0500
FAX  (617) 244-7304

SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND

October 23, 2002

Carlton D. Pettway and Sharon D. Pettway
45 Brent Street
Dorchester, MA 02124

Re:    State Street Bank & Trust Company, as trustee u/a Trust Agreement, dated as of August 1, 1998/Pettway, Carlton D.
Loan No.0000837937

Dear Carlton D. Pettway and Sharon D. Pettway:

In response to your request, our client has provided us with the following payoff figures:

| | | |
|---|---|---:|
| Principal Balance | $ | 62,939.69 |
| Interest to **10/31/02** | $ | 3,747.77 |
| Escrow Advance Balance | $ | 1,691.73 |
| Accumulated Late Charge Balance | $ | 61.64 |
| Inspections | $ | 65.00 |
| Recording Fees | $ | 30.00 |
| VA Appraisal | $ | 350.00 |
| Legal Fees and Costs | $ | 2,237.25* |
| | | |
| TOTAL DUE | $ | <u>71,123.08</u> |

\* The quoted legal fees and costs are estimated through the date you have requested. If you contact this office immediately prior to the time you intend to mail or deliver the funds, we will provide you with the actual legal fees and costs at that time.

The payoff figures are calculated through and expire on October 31, 2002. If you plan to tender funds after October 31, 2002, you must contact this office for new payoff figures.

Please be advised that the figures quoted above are subject to final verification by the Noteholder. Issuance of this statement does not suspend the payment of taxes, insurance or other miscellaneous expenses, including legal fees and costs.  Please make your certified check, bank check or money order payable to HARMON LAW OFFICES, P.C. and mail the check directly to HARMON LAW OFFICES, P.C., 150 California Street, Newton, MA 02458 so that we receive it no later than 5:00 P.M. on October 31, 2002. Personal checks will not be accepted.

Very truly yours,
HARMON LAW OFFICES, P.C.

Lori A. Bolduc, Esquire
LAB/LMB/200210-0195
**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION    OBTAINED    WILL    BE    USED    FOR    THAT    PURPOSE.**

C

*EXHIBIT C*

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL (617) 558-0500
FAX (617) 244-7304

SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND

October 29, 2002

Carlton D. Pettway and Sharon D. Pettway
45 Brent Street
Dorchester, MA 02124

Re:    State Street Bank & Trust Company, as trustee u/a Trust Agreement, dated as of August 1, 1998/
Pettway, Carlton D.
Loan No.0000837937

Dear Carlton D. Pettway and Sharon D. Pettway:

In response to your request, our client has provided us with the following reinstatement figures:

| | |
|---|---:|
| 8 Monthly Payments Due @ $ 752.29 | **$6,018.32** |
| 1 Monthly Payment Due @ $ 796.14 | **$ 796.14** |
| Late Charges | **$ 61.64** |
| Property Inspections | $ 65.00 |
| Appraisal/BPO Fee | $ 350.00 |
| Legal Fees and Costs | $2,237.25  * |
| TOTAL DUE | $9,528.35 |

* The quoted legal fees and costs are estimated through the date you have requested. If you contact this
office immediately prior to the time you intend to mail or deliver the funds, we will provide you with the actual
legal fees and costs at that time.

The reinstatement figures are calculated through and expire on November 15, 2002. If you plan to tender the
funds after November 15, 2002, you must contact this office for new reinstatement figures. Be advised that
the figures quoted above are subject to verification by the Noteholder. Issuance of this statement does
not suspend the payment of taxes, insurance or other miscellaneous charges including legal fees and
costs.

Please make your certified check, bank check or money order payable to HARMON LAW OFFICES, P.C.
and mail the check directly to HARMON LAW OFFICES, P.C., 150 California Street, Newton, MA 02458 so
that we receive it no later than 5:00 P.M. on November 15, 2002. Personal checks will not be accepted.

Very truly yours,
HARMON LAW OFFICES, P.C.

Lori A. Bolduc, Esquire
LAB/LMB/200210-0195
**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND
THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**D**

*EXHIBIT D*

## HARMON LAW OFFICES, P.C.
150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL (617) 558-0500
FAX (617) 244-7304

SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND

November 15, 2002

Carlton D. Pettway and Sharon D. Pettway
45 Brent Street
Dorchester, MA 02124

Re:   State Street Bank & Trust Company, as trustee u/a Trust Agreement, dated as of August 1, 1998/
      Pettway, Carlton D.
      Loan No.0000837937

Dear Carlton D. Pettway and Sharon D. Pettway:

Pursuant to your request, the breakdown of the estimated legal fees and costs for the above-referenced account as of November 15, 2002 is as follows:

| | | |
|---|---|---:|
| Legal Fees | $ | 1,100.00 |
| Costs: | | |
| Municipal Lien Certificate | $ | 25.00 |
| Filing Fees | $ | 210.00 |
| Title Searches | $ | 396.25 |
| Recording Fees | $ | 97.00 |
| Publications | $ | 280.00 |
| Sheriff Service | $ | 100.00 |
| Certified Mail | $ | 24.00 |
| Overnight Mail Services | $ | 5.00 |
| TOTAL | $ | 2,237.25 |

Very truly yours,
HARMON LAW OFFICES, P.C.

Leanne M Bugbee
LMB/200210-0195/Pettway, Carlton D.

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

E

*EXHIBIT E*

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL (617) 558-0500
FAX (617) 244-7304

SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND

November 22, 2002

Sharon D. Pettway and Carlton D. Pettway
45 Brent Street
Dorchester, MA 02124

Re:  State Street Bank & Trust Company, as trustee u/a Trust Agreement, dated as of August 1, 1998/
Pettway, Carlton D.
Loan No.0000837937

Dear Sharon D. Pettway and Carlton D. Pettway:

In response to your request, our client has provided us with the following reinstatement figures:

| | |
|---|---:|
| 8 Monthly Payments Due @ $ 752.29 | **$6,018.32** |
| 1 Monthly Payment Due @ $796.14 | **$ 796.14** |
| Late Charges | **$ 76.78** |
| Property Inspections | $ 65.00 |
| Appraisal/BPO Fee | $ 350.00 |
| Legal Fees and Costs | $3,645.93 |
| TOTAL DUE | $10,952.17 |

* The quoted legal fees and costs are estimated through the date you have requested. If you contact this office immediately prior to the time you intend to mail or deliver the funds, we will provide you with the actual legal fees and costs at that time.

The reinstatement figures are calculated through and expire on November 29, 2002. If you plan to tender the funds after November 29, 2002, you must contact this office for new reinstatement figures. Be advised that the figures quoted above are subject to final verification by the Noteholder. Issuance of this statement does not suspend the payment of taxes, insurance or other miscellaneous expenses, including legal fees and costs.

Please make your certified check, bank check or money order payable to HARMON LAW OFFICES, P.C. and mail the check directly to HARMON LAW OFFICES, P.C., 150 California Street, Newton, MA 02458 so that we receive it no later than 5:00 P.M. on November 29, 2002. Personal checks will not be accepted.

Very truly yours,
HARMON LAW OFFICES, P.C.

Lori A. Bolduc, Esquire
LAB/LMB/200210-0195
**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

F

***EXHIBIT F***

# HARMON LAW OFFICES, P.C.
150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL. (617) 558-0500
FAX (617) 244-7304

SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND

December 9, 2002

Corwyn Jackson
Massachusetts Affordable Housing Alliance
1803 Dorchester Avenue
Dorchester, MA 02124

Re:  State Street Bank & Trust Company, as trustee u/a Trust Agreement, dated as of August 1, 1998/
     Pettway, Carlton D.
     Loan No. 0000837937

Dear Mr. Jackson:

In response to your request, our client has provided us with the following reinstatement figures:

| | |
|---|---:|
| 8 Monthly Payments Due @ $ 752.29 | **$6,018.32** |
| 2 Monthly Payments Due @ $ 796.14 | **$1,592.28** |
| Late Charges | **$ 92.46** |
| Property Inspections | $ 80.00 |
| Appraisal/BPO Fee | $ 350.00 |
| Legal Fees and Costs | $4,020.46 * |
| TOTAL DUE | **$12,153.52** |

\* The quoted legal fees and costs are estimated through the date you have requested. If you contact this office immediately prior to the time you intend to mail or deliver the funds, we will provide you with the actual legal fees and costs at that time.

The reinstatement figures are calculated through and expire on December 16, 2002. If you plan to tender the funds after December 16, 2002, you must contact this office for new reinstatement figures. Be advised that the figures quoted above are subject to final verification by the Noteholder. Issuance of this statement does not suspend the payment of taxes, insurance or other miscellaneous expenses, including legal fees and costs.

Please make your certified check, bank check or money order payable to HARMON LAW OFFICES, P.C. and mail the check directly to HARMON LAW OFFICES, P.C., 150 California Street, Newton, MA 02458 so that we receive it no later than 5:00 P.M. on December 16, 2002. Personal checks will not be accepted.

Very truly yours,
HARMON LAW OFFICES, P.C.

Lori A. Bolduc, Esquire
LAB/LMB/200210-0195
**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**