# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SHARON PETTWAY, and,  )
MARSHA HUBBARD,  )
individually and on behalf of all  )
others similarly situated,  )
       )
     Plaintiffs,  )
       )
       )    CIVIL ACTION NO.: 03-10932-RCL
       )
HARMON LAW OFFICES, P.C.  )
       )
     Defendant.  )
       )

## ANSWER OF DEFENDANT
## HARMON LAW OFFICES, P.C.

### FIRST DEFENSE

1.     Paragraph 1 of the Complaint contains introductory statements and conclusions of law that require no response. To the extent that paragraph 1 contains factual allegations, Defendant denies them.

2.     Defendant denies the allegations in paragraph 2.

3.     Paragraph 3 contains introductory statements and conclusions of law that require no response. To the extent that paragraph 3 contains factual allegations, Defendant denies them.

4.     Defendant lacks knowledge or information sufficient to admit or deny the

1

allegations in paragraph 4.

5.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6.      Defendant admits the allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7.

8.      Defendant denies the allegations in paragraph 8, except to admit that Harmon represents various mortgage lenders and servicers in connection with foreclosure proceedings.

9.      Defendant denies the allegations in paragraph 9.

10.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11.     Defendant admits the allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12, except to admit that an accurate copy of correspondence dated October 14, 2002 is attached to the Complaint and speaks for itself.

13.     Defendant admits that on or about October 23, 2003, it sent correspondence on behalf of its client and in response to the request of the debtor.

14.     Defendant denies the amounts listed in paragraph 14 reflect amounts owed, but Defendant admits that the October 23, 2002 correspondence speaks for itself.

15.     Defendant admits that an accurate copy of correspondence dated October 23, 2002 is attached to the Complaint and speaks for itself.

16.     Defendant denies the allegations in paragraph 16, and Defendant further

2

answers that the amounts reflected on the October 23, 2002 letter estimate payoff amounts as of October 31, 2002.

17.    Defendant denies the allegations in paragraph 17.

18.    Defendant denies the allegations in paragraph 18, except to admit that an accurate copy of correspondence dated October 29, 2002 is attached to the Complaint and speaks for itself.

19.    Defendant admits that an accurate copy of correspondence dated October 29, 2002 is attached to the Complaint and speaks for itself.

20.    Defendant denies the allegations in paragraph 20.

21.    Defendant admits the allegations in paragraph 21.

22.    Defendant admits that an accurate copy of correspondence dated November 15, 2002 is attached to the Complaint and speaks for itself.

23.    Defendant admits that an accurate copy of correspondence dated November 15, 2002 is attached to the Complaint and speaks for itself.

24.    Defendant denies the allegations in paragraph 24, except to admit that an accurate copy of correspondence dated November 22, 2002 is attached to the Complaint and speaks for itself.

25.    Defendant admits that an accurate copy of correspondence dated November 22, 2002 is attached to the Complaint and speaks for itself.

26.    Defendant denies the allegations in paragraph 26.

27.    Defendant denies the allegations in paragraph 27.

28.    Defendant denies the allegations in paragraph 28, except to admit that it sent

3

correspondence dated December 9, 2002 to Plaintiff's authorized representative on behalf of its client.

29.     Defendant admits the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 32, except to admit that Sharon Pettway sent a payment to Harmon in December, 2002.

33.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 33.

34.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39, except to admit that it remitted a check to Plaintiff in the amount of $142.38 under cover of letter on or about January 15, 2003.

40.     Defendant denies the allegations in paragraph 40, except to admit that it remitted a check to Plaintiff in the amount of $95.00 under cover of letter on or about January 23, 2003.

4

41.    Defendant denies the allegations in paragraph 41.

42.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 42.

43.    Defendant denies the allegations in paragraph 43.

44.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44.

45.    Defendant denies the allegations in paragraph 45, except to admit that an accurate copy of a letter dated May 23, 2003 is attached to the Complaint and was received by Harmon.

46.    Defendant denies the allegations in paragraph 46.

47.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 47.

48.    Defendant denies the allegations in paragraph 48, except to admit that Harmon represents various mortgage lenders and servicers in connection with foreclosure proceedings.

49.    Defendant denies the allegations in paragraph 49.

50.    Defendant denies the allegations in paragraph 50.

51.    Defendant denies the allegations in paragraph 51, except to admit that it sent correspondence dated January 14, 2003 on behalf of its client and in response to the request of the debtor.

52.    Defendant denies the allegations in paragraph 52, except to admit that an accurate copy of correspondence dated January 14, 2003 is attached to the

5

Complaint and speaks for itself.

53.  Defendant denies the allegations in paragraph 53, except to admit that it sent correspondence dated January 16, 2003 on behalf of its client and in response to the request of the debtor.

54.  Defendant denies the allegations in paragraph 54, except to admit that an accurate copy of correspondence dated January 16, 2003 is attached to the Complaint and speaks for itself.

55.  Defendant denies the allegations in paragraph 55.

56.  Defendant denies the allegations in paragraph 56, except to admit that it sent Plaintiff correspondence dated March 25, 2003 on behalf of its client.

57.  Defendant denies the allegations in paragraph 57, except to admit that an accurate copy of correspondence dated March 25, 2003 is attached to the Complaint and speaks for itself.

58.  Defendant denies the allegations in paragraph 58.

59.  Defendant denies the allegations in paragraph 59.

60.  Defendant denies the allegations in paragraph 60, except to admit that an accurate copy of correspondence dated January 22, 2003 is attached to the Complaint and speaks for itself.

61.  Defendant denies the allegations in paragraph 61.

62.  Defendant denies the allegations in paragraph 62, except to admit that it sent Plaintiff correspondence dated March 10, 2003 on behalf of its client and in response to the request of the debtor.

6

63.     Defendant denies the allegations in paragraph 63, except to admit that an accurate copy of correspondence dated March 10, 2003 is attached to the Complaint and speaks for itself.

64.     Defendant denies the allegations in paragraph 64.

65.     Defendant denies the allegations in paragraph 65.

66.     Defendant denies the allegations in paragraph 66.

67.     Defendant denies the allegations in paragraph 67.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 69.

70.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70.

71.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant denies the allegations in paragraph 75.

76.     Defendant denies the allegations in paragraph 76.

77.     Paragraph 77 contains introductory statements and conclusions of law that require no response.  To the extent that paragraph 77 contains factual allegations, Defendant denies them.

7

78.    Defendant denies the allegations in paragraph 78.

79.    Paragraph 79 contains introductory statements and conclusions of law that require no response. To the extent that paragraph 79 contains factual allegations, Defendant denies them.

80.    Defendant denies the allegations in paragraph 80.

81.    Defendant denies the allegations in paragraph 81.

82.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 82.

83.    Defendant denies the allegations in paragraph 83.

84.    Defendant denies the allegations in paragraph 84.

85.    Defendant denies the allegations in paragraph 85.

86.    Defendant denies the allegations in paragraph 86.

87.    Defendant denies the allegations in paragraph 87.

88.    Defendant denies the allegations in paragraph 88.

89.    Defendant denies the allegations in paragraph 89.

90.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 90.

91.    Defendant denies the allegations in paragraph 91.

92.    Defendant denies the allegations in paragraph 92.

93.    Defendant denies the allegations in paragraph 93.

94.    Defendant denies the allegations in paragraph 94.

95.    Defendant denies the allegations in paragraph 95.

96.    Defendant denies the allegations in paragraph 96.

97.    Defendant denies the allegations in paragraph 97.

98.    Defendant denies the allegations in paragraph 98.

99.    Defendant denies the allegations in paragraph 99.

100.    Defendant denies the allegations in paragraph 100.

101.    Defendant denies the allegations in paragraph 101.

102.    Defendant denies the allegations in paragraph 102.

103.    Defendant denies the allegations in paragraph 103.

104.    Defendant denies the allegations in paragraph 104.

105.    Defendant denies the allegations in paragraph 105.

106.    Defendant denies the allegations in paragraph 106.

107.    Defendant denies the allegations in paragraph 107.

108.    Defendant denies the allegations in paragraph 108.

109.    Defendant denies the allegations in paragraph 109.

110.    Defendant denies the allegations in paragraph 110.

111.    Defendant denies the allegations in paragraph 111.

112.    Defendant denies the allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

114.    Defendant denies the allegations in paragraph 114.

115.    Defendant denies the allegations in paragraph 115.

116.    Defendant denies the allegations in paragraph 116.

117.    Defendant denies the allegations in paragraph 117.

## SECOND DEFENSE

As to each count, Plaintiffs fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

Without conceding that Plaintiffs have suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiffs have failed to mitigate their damages.

## FOURTH DEFENSE

Plaintiffs and putative class members have failed to satisfy the requirements of a class action and/or collective action.

## FIFTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SEVENTH DEFENSE

Plaintiffs, by their conduct and actions, are estopped to recover any judgment against Defendant.

## EIGHTH DEFENSE

Plaintiffs, by their conduct and actions, waived any and all rights it may have had against the defendant and therefore cannot recover in this action.

## NINTH DEFENSE

All allegations of fraud or misrepresentation were not pleaded with the requisite

10

particularity and specificity.

## TENTH DEFENSE

Without conceding that it committed any wrongful conduct, wrongdoing by the Defendant, if any, was unintentional and resulted from bona fide error.

## ELEVENTH DEFENSE

Without conceding that it committed any wrongful conduct, Defendant made a reasonable offer of settlement pursuant to Mass.Gen.Laws chapter 93A.

## TWELFTH DEFENSE

There was no willfulness, malicious conduct, recklessness, harassment, or reckless disregard of the rights of Plaintiffs by Defendant in any of the events upon which this suit has been instituted.

Respectfully Submitted,
The Defendant
HARMON LAW OFFICES, P.C.

By its attorneys,

Evan T. Lawson (BBO# 289280)
Nicole L. Johnson (BBO# 654719)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

Dated: October 24, 2003

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2003, I served a true and correct copy of the foregoing via certified mail, upon Gary Klein, 44 School Street, Boston, Massachusetts 02108, and Stuart Rossman, National Consumer Law Center, 77 Summer Street, 10th Floor, Boston, Massachusetts 02210.

Nicole L. Johnson

12