UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHARON PETTWAY, and<br>MARSHA HUBBARD<br><br>individually and on behalf of all<br>others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HARMON LAW OFFICES, P.C.<br><br>    Defendant. | Civil Action No.<br>03-10932-RCL |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
PROPOSAL TO BIFURCATE DISCOVERY IN THIS MATTER**

Plaintiffs Sharon Pettway and Marsha Hubbard (Plaintiffs) oppose the request of Defendant Harmon Law Offices, P.C. (Defendant) to bifurcate class and merits discovery in this matter. Defendant's proposal was made in connection with the Parties' Joint Statement Pursuant To Fed R. Civ. P. 26(f) and Local Rule 16.1 ("Joint Statement"). Plaintiffs request that plenary discovery be allowed at this stage of the case and that the schedule they propose in the Joint Statement be entered for the following reasons:

**I.  BIFURCATING DISCOVERY WILL LEAD TO UNNECESSARY DISPUTES CONCERNING THE DISTINCTION BETWEEN CLASS AND MERITS DISCOVERY.**

This is a simple case in which the plaintiffs allege that the Defendant has engaged in an unlawful pattern of demanding and collecting excess attorney's fees and costs in its debt

1

collection efforts on residential mortgage loans. When such excess fees and costs are paid, Defendant then evaluates, unsupervised and in its sole discretion, whether to provide the homeowner with a refund.

Defendant's conduct is prohibited by the plain language of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"). While Defendant's conduct is illegal under the Act even without proof of damage, plaintiffs allege that there are three important ways in which Massachusetts homeowners are harmed. First, some homeowners may not be able to raise the excess fees and costs that Defendant demands. These homeowners often lose their homes. Second, homeowners who can obtain refinance loans to pay Defendant's demand borrow extra money and incur points and interest charges to repay sums they do not legally owe. Third, borrowers who sell their homes to pay-off their loans do not typically provide Defendant with a forwarding address, because they do not know that they may be entitled to a refund. Defendant then keeps the overcharge.

The nature of this dispute is such that questions about the nature and scope of defendant's practices (the merits of the case) will be relevant to issues of commonality and typicality for class certification purposes under Fed. R. Civ. P. 23(a)(2) and (3). Bifurcating discovery will lead to wholly unnecessary disputes about whether particular inquiries concerning the defendant's business practices are "merits" issues or "class" issues.

Further, the Defendant's proposal to bifurcate discovery will add substantial time to the schedule for the comparatively straightforward case. Plaintiffs' proposal is that all discovery be completed before September 24, 2004. This would allow the parties to be ready for trial on or before January 3, 2005. Under Defendant's proposed schedule, given bifurcation, discovery

would be open until January 19, 2005, with no potential for trial until at least June 3, 2005. Delay here is unwarranted, especially in light of the Plaintiffs' and Class Member's struggle to keep their homes.

II.  **THE MAJORITY OF COURTS AND THE MANUAL FOR COMPLEX LITIGATION DISCOURAGE BIFURCATION OF CLASS AND MERITS DISCOVERY, RESERVING SUCH BIFURCATION FOR HIGHLY COMPLEX CASES.**

The vast majority of courts decline to bifurcate class and merits discovery because the two are "not always distinguishable." Antonson v. Robertson, 1990 U.S.Dist. Lexis 5328, at 4 (D.Kan. 1990). See, e.g., Gray v. First Winthrop Corp., 133 F.R.D. 39, 41 (C.D.Cal. 1990) ("discovery relating to class certification is closely enmeshed with merits discovery and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation"); Bogosian v. Gulf Oil Corp., 1978-1 CCH Trade Cas. ¶62,118 (E.D.Pa. 1978) (court denied motion to stay discovery on the merits pending decision on a motion for class certification).

On this score, the Manual for Complex Litigation, Second Edition, §30.12 (1985) states:

> Often, however, bifurcating discovery in this manner will be counterproductive. Discovery relating to 'class issues' is not always distinguishable from other discovery. Moreover, the key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members - an inquiry that may require some discovery on the 'merits' and development of the basic issues. Nor will discovery into matters affecting other members of the putative class necessarily be wasted if a class is not certified, for in many cases this information will be valuable as circumstantial evidence.

There is no clear dividing line between class certification and merits discovery because the class certification decision involves "[a]n analysis of the issues and the nature of the proof which

3

would be required at trial." <u>Hedges Enterprises, Inc. v. Continental Group, Inc.</u>, 81 F.R.D. 461, 464 (E.D.Pa. 1979). *See e.g.,* <u>Eshaghi v. Hanley Dawson Cadillac Co.</u>, 214 Ill.App. 3d 995, 574 N.E.2d 760, 764 (1st Dist. 1991) ("to determine whether common questions of law or fact predominate in the certification of a class action, the court must inquire into the issues raised"). The distinction is especially tenuous where, as here, there are allegations of a common practice or scheme, so that proof of the scheme would be necessary irrespective of whether the case was to proceed on a class or individual basis. *See* <u>Bogosian v. Gulf Oil Corp.</u>, 1978-1 CCH Trade Cas. ¶62,118 (E.D.Pa. 1978).

## CONCLUSION

For the reasons set forth herein, Plaintiffs request that the schedule they proposed in the Joint Statement be entered rather than that proposed by the Defendant.

Respectfully submitted,

For the Plaintiffs,

/s/ 

Gary Klein (BBO # 560769)
Grant & Roddy
44 School St. Ste 400
Boston, MA 02108
Phone: (617) 248-8700
Fax: (617) 248-0720
klein@grantroddy.com

Stuart Rossman (BBO # 430640)
Odette Williamson (BBO # 634791)
National Consumer Law Center
77 Summer Street, 10th Floor
Boston, MA 02110
Phone: (617) 542-8010

4

:

Date:        December 2, 2003

## Certificate of Service

I, Gary Klein, hereby certify that on this 2nd day of December, 2003, I served the foregoing document by causing a true and correct copy to be sent by facsimile and First Class Mail to the following:

Nicole Johnson
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA  02210-2414

_____
Gary Klein