## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

SHARON PETTWAY, and )
MARSHA HUBBARD )
                     )
individually and on behalf of all )
others similarly situated, )       Civil Action No.
                     )       03-10932-RGS
                     )
            Plaintiffs, )
                     )
v. )
                     )
HARMON LAW OFFICES, P.C., )
                     )
            Defendant. )

_____

## STIPULATION AND AGREEMENT OF
## COMPROMISE AND SETTLEMENT

This Stipulation and Agreement of Compromise and Settlement (the "Stipulation" or the "Settlement") is entered into between the Plaintiffs, Sharon Pettway and Marsha Hubbard, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), on one part, and the Defendant, Harmon Law Offices P.C. ("Harmon Law"), on the other. The Settlement is subject to Court approval, and is made according to the following terms and conditions:

WHEREAS:

A. This action was commenced in this Court by the filing of a complaint on May 16, 2003 on behalf of three classes of Massachusetts

homeowners who sought information from Harmon Law, during a foreclosure process, about the amount owed to reinstate or pay-off mortgage debts.  The Complaint was amended on August 18, 2003 ("First Amended Complaint") and again effective December 29, 2005 ("Second Amended Complaint").   The claims being settled are those contained in the Second Amended Complaint.

B.     Plaintiffs have pursued claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), M.G.L. c. 93A and on the basis of other state law.  They alleged that Harmon Law routinely attempted to collect and did collect foreclosure attorney fees and foreclosure costs in excess of the amounts legally due.

C.     Plaintiffs claim that they and the class members have been injured by Harmon Law's practices. Plaintiffs have sought actual and/or statutory damages, together with restitution and attorney's fees. Plaintiffs also have sought injunctive relief.

D.     Harmon Law vigorously denies the facts and claims alleged in this action and denies any liability to any member of the Settlement Classes, as defined herein.  Harmon Law has contended, and continues to contend, that Plaintiffs' allegations lack merit and that it has valid and complete procedural and substantive defenses to each of the

2

claims for relief asserted by the Plaintiffs in the Complaint and the
Amended Complaints, and each of the equitable or legal remedies or
claims for damages sought by Plaintiffs on behalf of themselves and
the proposed Settlement Class.

     E.     The parties have weighed the risks and potential costs of
litigation against the benefits of the proposed Settlement, and consider
it desirable that the claims be settled to avoid the time, risk, and
expense of defending protracted litigation and in order to achieve a
final resolution of the claims being settled.

     F.     Plaintiffs, by and through their counsel, have conducted an
investigation of the facts through substantial written discovery and
depositions, and have analyzed the relevant legal and factual issues.
Plaintiffs' counsel has obtained information about the nature and
extent of the challenged practices.

     G.     After extensive negotiations, and a mediation session
before the Hon. John M. Xifaras (ret.), the Plaintiffs and Harmon Law
(hereinafter, the "Parties") negotiated the Settlement contained in this
Stipulation.  Based on their review and analysis of the relevant facts
and legal principles, Plaintiffs and their counsel believe that, in
consideration of all the circumstances and after prolonged and serious
arms' length Settlement negotiations with Harmon Law's counsel, the

3

terms and conditions of the Settlement embodied in this Stipulation are fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the proposed Settlement Classes (as defined below).  Plaintiffs' counsel have determined to execute this Stipulation and urge its approval by the Court after consideration of the following substantial benefits that the Settlement bestows upon the Classes:

(a)  Members of the Settlement Classes will each receive an equitable share of a Settlement pool of $800,000 (after reduction for court approved legal fees, service payments, and the expenses of notice and administration).  To qualify for this benefit, Class Members will have no obligation other than to verify the accuracy of their address.

(b)  The Settlement provides for injunctive relief that will clarify the obligations of borrowers who receive reinstatement and pay-off information from Harmon Law.  Plaintiffs anticipate that the forms mandated by the injunctive portion of the Settlement will allow borrowers facing foreclosure to reinstate or pay-off their mortgages more expeditiously and economically.  Settlement class members who continue to face financial difficulties will benefit from these practice changes.

(c)  The benefits payable under this Settlement are payable now without the risks and delays attendant to trial and potential appeals.

H.     The Parties intend that the proposed Settlement embodied in this Stipulation resolve all claims and disputes between the

Plaintiffs, Settlement Class Members, and Harmon Law set forth in the Complaint as amended in this action.

In light of the foregoing, the Parties propose to settle this case in accordance with the terms, provisions and conditions of this Stipulation as set forth below.

## I.    DEFINITIONS

In addition to the terms defined elsewhere in this Agreement, for purposes of this Agreement and all its Appendices or Exhibits, the following terms shall have the meanings as set forth below.

1.    "Administration" or "Administration Costs" means the act of, and the costs associated with, administering the Settlement, including but not limited to, maintaining an e-filing process for address verification forms of class members, processing paper address verification forms, responding to class member inquiries, dealing with disputes from class members, distributing checks to class members, preparing and disseminating reports to class counsel about administrative issues, and post-distribution Settlement administration and related activities.  Administration Costs do not include Notice Costs as defined hereinafter.

2.    "Administrator" means the third party administrator to be hired by the Plaintiffs.

3.    "Class Counsel" means and includes the following:

Gary Klein, Esq.
Elizabeth Ryan, Esq.
Shennan Kavanagh, Esq.
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts  02111
Fax:  617-357-5030
Email: info@roddykleinryan.com

Stuart Rossman, Esq.
Odette Williamson, Esq.
National Consumer Law Center
77 Summer St., 10th Floor
Boston, Massachusetts 02110
Fax:  617-542-8028
srossman@consumerlaw.org

In the event that present class counsel are unable or unwilling to serve, a successor shall be designated.

4.    "Class List" means a list of the names and last known addresses of all members of the Settlement Classes as maintained in the records of Harmon Law, provided however, that each address on the Class List shall be updated by Harmon Law by means of the National Change of Address ("NCOA") database before Notice is mailed and provided further that if a good faith estimate of the costs of such updating exceeds $3,000 for the entire class list, Harmon Law may, at its sole option, choose to update by means of the NCOA database only those  addresses of Settlement Class Members whose Notices are returned by the post office as undeliverable.  The Class List shall

contain the best address available for each member of the Settlement Class in Harmon Law's records, which shall be the address of the property subject to the foreclosure process opened by Harmon Law, as updated, unless Harmon Law has other information in its records that a Settlement Class Member has a more current residential address.

5.    "Class Representatives" means Sharon Pettway and Marsha Hubbard.

6.    "Court" means the United States District Court for the District of Massachusetts.

7.    The "Effective Date" for purposes of the Settlement shall be five (5) business days after the latest of the following dates: (a) the date upon which the time to commence an appeal of the Final Order has expired, if no one has commenced any appeal challenging the Final Order; or (b) the date the Final Order has been affirmed on appeal (or the appeal has been dismissed), and the time within which to seek further review has expired. Notwithstanding the foregoing, Harmon Law may, within its sole discretion, declare an earlier Effective Date, namely, any date after the Final Order is entered.

8.    "Final Order" means the Final Order of Judgment and Dismissal to be entered if the Court grants final approval to this Agreement, substantially in the form of Exhibit B.

7

9.    "Notice" means the notice to the members of the Settlement Class, approved by the Court in the Preliminary Approval Order and shall include Mailed Notice, Publication Notice and any other form of notice ordered by the Court.  "Mailed Notice" shall mean any notice, approved by the Court, for mailing to any member of the Settlement Classes whose name appears on the Class List.  A proposed form of Mailed Notice is attached to this agreement as Exhibit C. "Publication Notice" shall mean any notice, approved by the Court, directed to members of the Settlement Classes by means of print or electronic publication.  A proposed form of Publication Notice is attached to this agreement as Exhibit D.

10.    "Notice Costs" means the entire cost of providing Notice to all Settlement Class Members, other than the cost of creating, updating by means of the NCOA database in accordance with paragraph I.4, supra, and formatting the Class List.  Notice costs will include the costs of "Mailed Notice" and "Publication Notice" as separately defined hereunder.

11.    "Preliminary Approval Order" means the order to be entered if the Court grants preliminary approval of this Agreement and certifies the Settlement Class for Settlement purposes only, substantially in the form attached as Exhibit A.

8

12.   "Released Claims" includes any claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, agreements, damages, costs, expenses of any nature ("Claims") of the Plaintiffs and Settlement Class Members against the Released Parties arising at any time prior to the Date of execution of this Settlement that were or could have been raised in the Second Amended Complaint filed in this action.  The Released Claims do not extend to bankruptcy or litigation fees and costs paid by any Settlement Class Members.

13.   "Released Parties" means, collectively, Harmon Law, Mark P. Harmon, Commonwealth Auction Associates, Inc., Northeast Abstract Company, Inc., and Navigator's Insurance Company together with (a) any and all of their respective past and present parent companies, subsidiaries, divisions, affiliates, franchises, predecessors, successors, and assigns; and (b) their respective present and former general partners, limited partners, principals, members, directors and their attorneys, officers, employees, stockholders, owners, agents, insurers, reinsurers, attorneys, and their representatives, heirs, executors, personal representatives. Except as stated in the preceding sentence, Plaintiffs and Members of the Settlement Classes reserve all rights, claims and defenses as may be allowed by applicable law against any party other than the Released Parties.

14.    The "Settlement Classes" are as follows:

A.  The "FDCPA class" consists of all persons who satisfy the following criteria:

(i)   Massachusetts residents;

(ii)  from whom Harmon Law collected or attempted to collect

a. attorney's fees for legal work purportedly related to collection, default or foreclosure of a mortgage, by sending a reinstatement letter or pay-off letter following Harmon Law's standard fee and cost estimation process, or

b. foreclosure costs in excess of the amounts expended by Harmon Law;

c. between May 16, 2002 and the date of execution of this Stipulation.

B.  The "attorney's fees overcharge class" consists of all persons who satisfy the following criteria:

(i)   Massachusetts residents;

(ii)  from whom Harmon Law collected attorney's fees for legal work purportedly related to collection, default or foreclosure of a mortgage, by sending a reinstatement letter or pay-off letter following Harmon Law's standard fee and cost estimation process;

(iii) whose foreclosures were not completed by Harmon Law in accordance with applicable Massachusetts law because the loan was

10

reinstated or paid off prior to the time of sale;

(iv) between May 16, 1999 and the date of execution of this Stipulation.

C.   The "foreclosure costs overcharge class" consists of all persons who satisfy the following criteria:

(i)   Massachusetts residents;

(ii)  from whom Harmon Law collected sheriff service fees or certified mail fees  or other costs payable to third parties in excess of the amounts Harmon Law actually paid for these items;

(iii) between May 16, 1999 and the date of execution of this Stipulation.

15.      "Settlement Class Members" or "Members of the Settlement Class" means all persons who are included in the class definitions in Paragraph 14, above, and who do not validly and timely elect exclusion from the Settlement Class pursuant to Fed. R. Civ. P. 23 and under the conditions and procedures as determined by the Court.

16.      "Settlement Class Period" means the time periods stated in the definition of each Settlement Class.

17.      "Settlement Fund" means the account created under this agreement to be used for purposes of making payments to Settlement

11

Class Members, paying for all attorney's fees and costs to Class Counsel, paying for all remaining Administration Costs and Notice Costs and covering service awards to the representative Plaintiffs.

## II.  (Intentionally Omitted.)

## III.  CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES ONLY

For Settlement purposes only, the Parties agree that, as part of the preliminary approval process, the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Classes subject to final findings and certification in the Final Order, and appointing both Plaintiffs and Class Counsel as representatives of the proposed Settlement Classes.  For Settlement purposes only, the parties agree and stipulate that the Settlement Classes may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Harmon Law does not consent to certification of the Settlement Classes for any purpose other than to effectuate the Settlement of the actions and claims identified in this Agreement.  If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by the Court or any other Court of competent jurisdiction the Parties shall return to the *status quo ante*, as of December 7, 2005 including, without limitation,

12

the terms of any order entered by the Court as of that date.

## IV.   SETTLEMENT CONSIDERATION

1.    ECONOMIC RELIEF.

(a)    Harmon Law will make payments into the Settlement Fund by wire transfer on the following schedule:

> i.  Within five (5) business days following entry of the Preliminary Approval Order: $200,000;
>
> ii.  Within five (5) business days following entry of the Final Approval Order:  $200,000;
>
> iii.  Within five (5) business days following the Effective Date of this Settlement:  $400,000.

(b)    The Settlement Fund will be held, in escrow, in one account, the interest on which account will accrue to the benefit of the Settlement Fund.  The account will be held at a major bank agreed to by the Class Counsel and Counsel for Harmon Law and approved by the Court and shall be under the joint control of said Counsel.

(c)    Each Settlement Class Member who submits a timely and proper Address Validation Form as defined in Section XII, (a "Valid Claim") will be entitled to a payment from the Settlement Fund.  The amount paid to individual Settlement Class Members will be calculated on an "equal payment per claim" basis from the cash funds remaining

in the Settlement Fund after deduction for all other items to be paid for from the Settlement Fund under this Agreement, including, without limitation, Administration Costs, Notice Costs, service fees, and attorneys' fees and costs awarded to Class Counsel.

(d)     Settlement Class Members shall have one claim for each foreclosure-related matter that meets the class definitions as defined herein opened by Harmon Law on a property owned by that Settlement Class Member during the Settlement Class Period.  For example, a Settlement Class Member whose membership in one or more Settlement Classes is derived separately from two different foreclosure matters opened by Harmon Law on his or her property will be entitled to two claims from the Settlement Fund.  Except as aforesaid, there will be no distinction in the entitlement of any Settlement Class Member based on individual questions of proof, amount of foreclosure attorney's fees and costs actually paid, membership in a particular Settlement class, or membership in multiple Settlement classes.

(e)     In the event that a claim is held by joint borrowers and a Valid Claim is submitted, such joint interest shall be treated as the claim of one Settlement Class Member for purposes of the benefits and consideration described above; provided, however, that if a joint borrower contests, in writing, the entitlement of another joint borrower

14

to the Settlement consideration, each joint borrower will be entitled to an equal share of the Settlement consideration otherwise available on such joint claim.

(f)    In the event that the Settlement does not become final such that the Effective Date will not occur, the Settlement Fund, together with all accrued interest, less any non-refundable expenditures for Notice Costs and/or Administration Costs, shall promptly be returned to Harmon Law by either transfer of the ownership of the account or by wire transfer.  For the purposes of this paragraph "non-refundable expenditures for Notice Costs and/or Administration Costs" will include all such costs that have theretofore been paid together with reasonable unpaid but accrued costs that have been billed but not yet paid.  Harmon Law will be solely responsible for returning any portion of such funds that may have been contributed to the Settlement Fund by a third party including, without limitation, its insurance carrier.

(g)    A Settlement Class Member's right to a Settlement payment pursuant to this Agreement is a conditional right that terminates if a class member fails to return a Valid Claim or, in the event that the Administrator mails a Settlement payment, if said Settlement Class Member fails to cash his or her check within six months of its mailing date.  In such case the check shall become null

and void (the checks shall be stamped or printed with a legend to that effect) and the Administrator and the Parties shall have no further obligation under the terms of this Agreement to make payment to such class member, with such amount reverting to the Settlement Fund. The Administrator will provide to Class Counsel and said counsel will file with the Court a final accounting of the Settlement Fund within 30 days after the latest date upon which class members' checks expire.  Class Counsel, at its sole discretion, may direct the Administrator to reissue checks to class members whose checks are lost or have expired.

(h)    If the Effective Date occurs, there will be no reversion to Harmon Law or any Released Party for any of the amounts paid to the Settlement Fund. Any amounts remaining in the Settlement Fund after the expiration of one year and three months (15 months) following the original date on which checks are initially mailed, including undistributed interest on said fund, if any, shall be distributed, as provided in the final order, by means of a *cy pres* distribution.  The Parties agree to recommend "Ensuring Stability through Action in our Community" f/k/a "Ecumenical Social Action Committee" ("ESAC") and Homeowner Options for Massachusetts Elders ("HOME") as appropriate recipients entitled to equal division of any *cy pres* award.

(i)    Distributions from the Settlement Fund to members of the Settlement Classes will occur as soon as practicable after the later of

1) the Effective Date; or 2) the deadline for returning Address Validation forms contained in Section XII, Paragraph 1, below.

2.    Harmon Law will promptly refund any monies it is holding in escrow (such as monies in its abandoned property or IOLTA account) belonging to a Settlement Class member who returns a Valid Claim, pursuant to the procedures set forth below in Section XII.

## V.    REPRESENTATIONS, WARRANTIES AND CONFIRMATORY DISCOVERY

1.    Harmon Law represents and warrants that it will use its best efforts to create the Class List including, without limitation, to identify Members of the Settlement Classes, to provide the last known addresses as they appear in its records and to obtain verification by the NCOA databases in the manner required by this Stipulation. Harmon Law will provide the Class List in a database or spreadsheet, by CD-Rom or other similar electronic means, and will comply with reasonable formatting requests by the Administrator.  When the Class List is made available to the Administrator, Harmon Law also will provide two copies to Class Counsel to be used solely for the purposes of verifying any claims made and to respond to Class Members' inquiries.

2.    Harmon Law further represents and warrants that, to the best of its knowledge and based on data maintained by the office, the

Settlement Classes consist of approximately 12,990 members holding approximately 14,866 total claims.

3.    Harmon Law represents and warrants that it is not aware of any other individual or class action litigation against it that will be affected by the release to be provided under this Stipulation.

4.    Subsequent to preliminary approval of this Settlement, Class Counsel may conduct confirmatory discovery sufficient to assure that Class Members have been properly identified and that the Class List has been properly prepared.  Class counsel will be permitted to conduct a deposition of the person at Harmon Law most responsible for overseeing the preparation of the Class List.

## VI.    BUSINESS PRACTICES

1.    For a period of no less than three years from the Effective Date, Harmon Law will use forms substantially similar to the forms attached as Exhibit E (reinstatement) and Exhibit F (pay-off) (the "Forms") whenever it provides reinstatement or pay-off information to a Massachusetts borrower.

2.    Harmon Law may change the Forms if, in its good faith belief, such change is required to comply with a change in applicable law.  Harmon Law will provide notice of any such change to Class Counsel within seven (7) days of making such change.

3.    If there is no change to existing law making the Form

18

unlawful, Harmon Law may nevertheless seek approval in writing from Class Counsel for specific changes to the Form, specifically citing the reason for the change. In the event of such a request, Class Counsel agrees to either approve the change or to negotiate in good faith to make mutually acceptable changes. If Class Counsel does not approve the change and if no agreement as to mutually acceptable revisions can be reached within twenty (20) days, either party may apply for relief to the Court by seeking either to enforce or amend the Stipulation.

4.    The provisions of this Section of the Stipulation will be binding on any successor law firm to Harmon Law that handles Massachusetts foreclosures.

5.    After three years following the Effective Date, Harmon Law will have no further obligation to consult Class Counsel about changes to the Form.

## VII.  RELEASE BY SETTLEMENT CLASS MEMBERS

1.    In accordance with the provisions of the Final Order, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date Plaintiffs and each Settlement Class Member who does not opt out of this Settlement pursuant to Section VIII, Paragraph 2 shall be deemed to have, and by operation of the Final Order shall have, fully, finally and forever released,

relinquished and discharged all Released Claims against the Released Parties, arising at any time prior to the date of execution of this Stipulation.

2.    In accordance with the provisions of the Final Order, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date, each of the Released Parties and all signatories to this Agreement shall be deemed to have, and by operation of the Final Order shall have, fully, finally and forever released, relinquished and discharged Plaintiffs, Class Counsel, and Harmon Law and its counsel in this action from any claims including, without limitation, claims for abuse of process, libel, malicious prosecution or similar claims arising out of, relating to, or in connection with the institution, prosecution, defense, assertion, or resolution of the action, including any right under any statute or federal law to seek counsel fees and costs.

## VIII.  EXCLUSIONS FROM AND OBJECTIONS TO SETTLEMENT

1.    The "Opt-Out Date" will be a date ninety (90) days after the date of any order Preliminarily Approving the Settlement, provided such date is at least sixty (60) days after mailing of Notice or as otherwise set by the Court. Such date will be clearly identified as a deadline in the Notice.

2.    Each Settlement Class Member who wishes to be excluded

from the Settlement Class must mail or otherwise deliver to the Administrator a written request for exclusion, including his or her name and address, that is personally signed by the Settlement Class Member, which request must be postmarked on or before the Opt-Out Date. A signed Address Validation form marked with a statement clearly expressing an intent to be excluded from the Settlement will also be accepted as a valid opt out.

3.    No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

4.    The original requests for exclusion shall be filed with the Court by the Administrator not later than 30 days after the Opt-Out Date. Copies of requests for exclusion will be provided by the Administrator to Class Counsel and counsel for Harmon Law not later than five days after the Opt-Out Date.

5.    If this Agreement is approved, any and all persons within the Settlement Class who have not submitted a timely, valid written request for exclusion from the Settlement Class will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in this action.

6.    Any Settlement Class Member who has not filed a timely,

valid written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the Settlement, or to any award of attorneys' fees and expenses, must serve upon Class Counsel and counsel for Harmon Law (by mail, hand or by facsimile transmission) and must file with the Court, no later than the Opt-Out Date or by such other date as the Court may otherwise direct, a statement of his/her objection, as well as the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and a description of any evidence the Settlement Class Member wishes to introduce in support of the objection. Settlement Class Members may so object either on their own or through an attorney hired at their own expense who files an appearance on their behalf.

7.     Harmon Law reserves the right to terminate this Agreement in the event that more than one and one-half percent (1.5%) of the Settlement Class Members opt out, in which case the parties shall return to the *status quo ante*, as of December 7, 2005.

## IX.    NOTICE AND PRELIMINARY APPROVAL OF SETTLEMENT

1.     Class Counsel will submit preliminary approval papers for the Settlement, including a Motion for Preliminary Approval and the proposed Preliminary Approval Order, together with a proposed form

or forms of Mailed Notice and Publication Notice, the proposed form of the Final Order, and the executed Agreement, within a reasonable time following of execution of this Agreement.  Harmon Law will assent to the Motion for Preliminary Approval.

2.    Class Counsel will submit to the Court the proposed Preliminary Approval Order that will, among other things, certify the Settlement Class for Settlement purposes only, approve Plaintiffs as adequate representatives of the Settlement Class, and ask for a date for a "Final Approval Hearing." The proposed Preliminary Approval Order also will approve the form of the Notice, will find that the method of notice selected constitutes the best notice to all persons within the definition of the Settlement Class that is practicable under the circumstances, and will find that the form and method of notice comply fully with all applicable law.

3.    The Parties will propose the following Notice regime:

(a)    The Notice, along with an Address Validation form, will be mailed to the last known address of all Settlement Class Members, by first class mail, and any mail returned with a forwarding address will be promptly re-mailed to such forwarding address;

(b)    The Administrator and Class Counsel will provide a link on its website to a central site maintained by the Administrator to obtain downloadable and printable copies of the Settlement

Agreement, the Notice and the Address Validation form, and to allow for electronic-filing of the Address Validation form;

(c)    Plaintiffs will also publish the Publication Notice. There will be a publication budget of $5,000 reserved from the Settlement Fund for publication in newspapers across the Commonwealth with a goal of achieving statewide publication notice. Any sums remaining from the publication budget will be subject to distribution as part of the Settlement Fund.

4.    Class Counsel shall designate an Administrator, after reviewing costs and services available from potential Administrators, to achieve efficiency and to minimize costs.

5.    The Administrator will file with the Court and serve upon Class Counsel and Harmon Law's counsel no later than ten (10) days prior to the Final Approval Hearing an affidavit or declaration stating that notice has been completed in accordance with the terms of the Preliminary Approval Order.

6.    Notice Costs and Administration Costs shall be paid from the Settlement Fund as they accrue, whether or not the Effective Date has occurred.

## X.    THE FINAL JUDGMENT AND ORDERS OF DISMISSAL

1.    The Final Approval Hearing will be held at a date and time to be set by the Court after completion of Mailed Notice and

24

Publication Notice and the passing of the opt-out date.  At the Final

Approval Hearing, the Court will consider and determine whether the

Settlement should be finally approved as fair, reasonable and

adequate, whether any objections to the Settlement should be allowed

or overruled, and whether a Final Order approving the Settlement and

dismissing this action should be entered.

2.    In connection with the Final Approval Hearing, Class

Counsel shall promptly file and request entry of a Final Order by the

Court, with the assent of Harmon Law, substantially in the form of

Exhibit B:

(a)    Finding that the requirements necessary for

certification of the Settlement Classes for purposes of Settlement have

been satisfied, approving both the final certification of the Settlement

Classes and the Agreement, judging its terms to be fair, reasonable,

adequate and in the best interests of the Settlement Classes, directing

consummation of its terms, and reserving continuing jurisdiction to

implement, enforce, administer, effectuate, interpret and monitor

compliance with the provisions of the Agreement and the Judgment;

(b)    Dismissing the action and the Released Claims, with

prejudice and without costs (except as otherwise provided herein);

and

(c)    Permanently barring Plaintiffs and Settlement Class

25

Members from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties.

## XI. PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL; PAYMENT OF SERVICE FEES TO REPRESENTATIVE PLAINTIFFS.

1.    Class Counsel will submit a fee petition for attorneys' fees, costs and expenses, on behalf of all Class Counsel in an amount not to exceed 25% of the Settlement Fund plus actual costs, with all such fees and costs to be paid from the Settlement Fund.  In such Petition, Class Counsel will request that the Court award such attorneys' fees, costs and expenses to Class Counsel to be distributed thereafter between and among all Class Counsel pursuant to any agreements between them.  Harmon Law agrees not to oppose in Court or any other forum such petition by Class Counsel for an award of attorneys' fees and expenses to be paid from the Settlement Fund.

2.    Although the Final Order may provide for approval of attorneys' fees, costs and expenses, entry of a Final Order is not conditioned upon an award of the attorneys' fees and costs sought by Class Counsel.

3.    Class Counsel will apply to the Court for an award of service fees for the Class Representatives in the amount of $5,000 per representative. Class Representativess will not be entitled to receive any additional payments other than their service fee and their *pro rata*

26

payment from the Settlement Fund under the Agreement.

4.    Harmon Law shall not be liable for any additional fees or expenses of Plaintiffs or of persons within the Settlement Class. Harmon Law will be entitled to oppose any such fee application.

5.    Payment of any Class Counsel fees, expenses and/or service fees for class representatives approved by the Court shall be made from the Settlement Fund within ten (10) days following the Effective Date.

## XII.  CLAIMS (CLAIMS PROCESS)

1.    The Administrator will mail the Address Validation form with respect to the relief set forth in Section IV, Paragraph 1 above substantially in the form attached as Exhibit G, to all persons within the Settlement Classes together with the Notice.  To be considered a "Valid Claim" an Address Validation form must : (1) be signed by the Settlement Class Member, or signed by the heirs or estate of a deceased Settlement Class Member (with proof of authority to do so); (2) verify the address provided on the Address Validation form or provide an alternate address; and (3)  be returned to the Administrator postmarked (or by fax or email bearing a time stamp) no later than ninety (90) days after the date of any order Preliminarily Approving the Settlement, provided such date is at least sixty (60) days after mailing of Notice or as otherwise set by the Court. Such

27

date will be clearly identified as a deadline in the Notice.

2.    No later than 30 days subsequent to the Effective Date, the Administrator will provide Class Counsel and counsel for Harmon Law a list identifying: (1) the number of Address Validation forms submitted; and (2) the number of Address Validation forms that were rejected, if any, together with the reason for rejection ("Rejected Claims").

3.    After the Effective Date, Valid Claims will be paid by the Administrator as ordered by the Court.

4.    Harmon Law will promptly evaluate all Valid Claims to determine if it is holding funds in escrow (such as monies in its abandoned property or IOLTA account) for said claimant.  If Harmon Law is holding such unclaimed funds, it will return said funds to the Claimant within 20 days of receiving notice of the Valid Claim.

5.    Promptly after receiving an Address Validation form, the Administrator will evaluate the claim and, for Rejected Claims, will mail to the Settlement Class Member, with copies to Class Counsel and counsel for Harmon Law, a notice stating that the claim was denied and the reasons for the denial, and advising the Settlement Class Member how he or she might contest denial or remedy any deficiency in the filing.  For issues that are not administrative in nature, the Administrator may advise the Settlement Class Member to contact

Class Counsel with any questions about his or her Rejected Claim.

6.     A Settlement Class Member or Class Counsel may submit to the Administrator a request to reconsider the rejection of a claim within 45 days following the date of such rejection.  Such request must be accompanied by documentation to support the claim and served on Class Counsel and counsel for Harmon Law.

7.     Class Counsel and counsel for Harmon Law will meet promptly after the Effective Date to confer regarding all Rejected Claims for which requests for reconsideration have been denied by the Administrator. Class Counsel shall have full Settlement authority to resolve such Denied Claims. If counsel for the Parties cannot then agree as to the treatment of a submitted Address Validation form, the matter will be submitted to an arbitrator mutually acceptable to the parties.

8.     This Section sets forth the exclusive procedure for determining the validity of claims, and no Settlement Class Member may challenge the denial of any such claim except through this procedure.

## XIII. TERMINATION OF THE AGREEMENT

If this Settlement Agreement is not approved by the Court or does not receive final approval after review by any court of competent jurisdiction for any reason, or is terminated in accordance with its

terms for any other reason, the Parties will be returned to their status immediately prior to execution of the Agreement as if this Agreement had never been made, and the Parties will be relieved from any orders or stipulations made in connection with this Agreement, other than the provisions of this agreement with respect to distribution of the Settlement Fund in the event the Settlement is not approved contained in Section IV, Paragraph 1(f).

## XIV.  NO ADMISSION OF LIABILITY

Neither this Agreement nor any drafts hereof nor any documents relating to the Settlement set forth herein constitutes an admission of liability or of any fact by the Plaintiffs or Harmon Law.  The Parties agree that the Settlement documents:

(a)    Will not be offered or received by or against any party or privy to a party as evidence of or be construed as or deemed to be evidence of, any admission or concession of (i) the truth or relevance of any fact alleged in the action, (ii) the existence of any class alleged by Plaintiffs, (iii) the propriety of class certification on the merits if the Action were to be litigated rather than settled, or (iv) the validity of any claim or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation;

(b)    Will not be offered or received as an admission or concession that the consideration to be given to Settlement Class

Members hereunder represents the amount which could be or would have been recovered by any such persons after trial.

## XV.  CONTINUING JURISDICTION

The Court will have continuing jurisdiction over this action for the purpose of implementing the Settlement until this action and all related matters are fully resolved, and for enforcement of the Settlement, the Agreement and the Final Order thereafter. Notwithstanding the foregoing, the procedure set forth in  Section XII above shall be the exclusive procedure for determining the validity of claims, and no Settlement Class Member may challenge any claim denial except through the procedure set forth in Section XII, Paragraphs 5 and 6.

## XVI.  NON-DISPARAGEMENT

Neither party will affirmatively contact the press or any governmental agency about this settlement, except in connection with published Notice as permitted by this Agreement.  The Parties will agree upon the form of any public statement to the press or governmental agencies concerning the Settlement, the Agreement and the proceedings leading to its ultimate approval or disapproval by the Court, to be used if contact is initiated by a member of the press or a governmental agency.  Said form of public statement will include, *inter alia*, a notation that the Settlement is not an admission of liability by

Harmon Law.  The Parties and their counsel shall be entitled to respond to inquiries by the press or otherwise in a manner that conforms with the public statement agreed by the parties and, except as provided in the preceding sentence, shall not: (i) initiate any public announcement, including a press release, or other communications with the press regarding the Settlement, (ii) make any public comments that would undermine the public statement agreed by the parties or the Settlement, or (iii) make any disparaging public statements about any other Party or counsel for a Party concerning the matters at issue in this Settlement.  Nothing in this Paragraph shall prohibit Class Counsel from providing legal advice to individual Settlement Class Members.

## XVII.    MISCELLANEOUS PROVISIONS

1.    ENTIRE AGREEMENT.  This Agreement constitutes the entire agreement and understanding between and among the Parties with respect to Settlement, and supersedes any and all prior negotiations and agreements or understandings (oral or written) with respect to the subject matter hereof.

2.    NEUTRAL INTERPRETATION. This Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations and

mediation resulting in the Agreement, all parties have contributed substantially and materially to the preparation of the Agreement.

3.      CHOICE OF LAW.   This Agreement will be governed by federal law and the laws of Massachusetts, without regard to their choice of law principles.

4.      MODIFICATIONS OR AMENDMENTS.   This Agreement may not be modified or amended except by a writing signed by all Parties and their respective counsel and the subsequent approval of the Court.

5.      COUNTERPARTS. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

6.      ADDITIONAL ACTS TO EFFECTUATE THE AGREEMENT.   The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement and to obtain the benefits of the Agreement.

7.      COMPETENCY; INDEPENDENT COUNSEL. Each Party to this Agreement represents and warrants that he, she or it is competent to enter into the Agreement and in doing so is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the terms expressly set forth in this Agreement.

IN WITNESS THEREOF, the Parties hereto have executed this Agreement as follows:

<u>ON BEHALF OF PLAINTIFFS AND CLASS</u>:


Date of Execution:  March 17, 2006

By: <u>/s/ Gary Klein          </u>
Gary Klein (BBO# 560769)
Elizabeth Ryan (BBO# 549632)
Shennan Kavanagh (BBO# 655174)
RODDY KLEIN & RYAN
727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111
p. 617.357.5500 ext. 15
f. 617.357.5030
klein@roddykleinryan.com


By: <u>/s/ Odette Williamson     </u>
Stuart Rossman (BBO #430640)
Odette Williamson (BBO #634791)
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, Massachusetts 02110
p. 617.542.8010
f.  617.542.8028
srossman@consumerlaw.org


<u>ON BEHALF OF HARMON LAW</u>:


By: <u>/s/ Evan T. Lawson     </u>
Evan T. Lawson (BBO# 289280)
Clare B. Burhoe (BBO# 632238)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990