## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON PETTWAY, and<br>MARSHA HUBBARD<br><br>individually and on behalf of all<br>others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARMON LAW OFFICES, P.C.,<br><br>Defendant. | Civil Action No.<br>03-10932-RGS |

## [~~REDACTED~~] FINAL JUDGMENT AND ORDER CERTIFYING SETTLEMENT CLASSES AND APPROVING SETTLEMENT

Plaintiffs in this action, on behalf of themselves and others similarly situated, have filed a joint motion for final approval of the Stipulation and Agreement Of Compromise And Settlement (hereinafter "Stipulation" or "Settlement"). The Court having heard the Parties on this matter and reviewed the relevant materials, and having entered its Preliminary Approval order on April 4, 2006, and having held a hearing regarding final approval of the Settlement Agreement on August 31, 2006 at 2:30 p.m., at which time five (5) objections were filed with or presented to the Court; and the Court being fully advised as to the Settlement and good cause appearing therefor,

IT IS HEREBY ORDERED and ADJUDGED as follows:

1.      The Stipulation is hereby incorporated by reference into this Order, and is hereby adopted by this Court. The capitalized terms in this Order shall have the same meaning as in the Stipulation.

2.      Pursuant to Fed. R. Civ. P. 23(e), the settlement of this Action, as embodied in terms of the Stipulation, is hereby finally approved as a fair, reasonable, and adequate.

3.      Solely for the purpose of settlement and pursuant to Fed. R. Civ. P. 23(a), 23(b)(1)(A), 23(b)(2) and 23(b)(3), the Court hereby finally certifies the following Classes (the "Settlement Classes"):

> a. The "FDCPA class" consisting of all persons who satisfy the following criteria:
>
> (i)     Massachusetts residents;
>
> (ii)    from whom Harmon Law collected or attempted to collect:
>
>> a. attorney's fees for legal work purportedly related to collection, default or foreclosure of a mortgage, by sending a reinstatement letter or payoff letter following Harmon Law's standard fee and cost estimation process, or
>>
>> b. foreclosure costs in excess of the amounts expended by Harmon Law;
>
> (iii)   between May 16, 2002 and March 17, 2006.
>
> b. The "attorney's fees overcharge class" consisting of all persons who satisfy the following criteria:
>
> (i)     Massachusetts residents;
>
> (ii)    from whom Harmon Law collected attorney's fees for legal work purportedly related to collection, default or foreclosure of a mortgage, by sending a reinstatement letter or payoff letter following Harmon Law's standard fee and cost estimation process;
>
> (iii)   whose foreclosures were not completed by Harmon Law in accordance with applicable Massachusetts law because the loan was reinstated or paid off prior to the time of sale;
>
> (iv)    between May 16, 1999 and March 17, 2006.

    c.  The "foreclosure costs overcharge class" consisting of all persons who satisfy the following criteria:

      (i)  Massachusetts residents;

      (ii)  from whom Harmon Law collected sheriff service fees or certified mail fees  or other costs payable to third Parties in excess of the amounts Harmon Law actually paid for these items;

      (iii)  between May 16, 1999 and March 17, 2006.

The above three classes are certified as aforesaid for settlement purposes only, and said certifications should not be construed as an admission of wrongdoing or liability by Defendant Harmon Law Offices, P.C. ("Harmon Law") with respect to any of the allegations made against it in this action by or on behalf of the members of the Settlement Classes.

4.     The Court finds that notice previously given to Class Members was the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P.23(c).

5.     The Court appoints Plaintiffs Sharon Pettway and Marsha Hubbard as Class Representatives, and finds that they meet the requirements of Fed. R. Civ. P. 23(a)(4).

6.     The Court appoints the law firm of Roddy Klein & Ryan and the National Consumer Law Center as counsel for the Settlement Classes ("Class Counsel"), pursuant to Fed. R. Civ. P. 23(g), and finds that these firms meet the requirements of Rules 23(a)(4) and 23(g)(1)(C).

7.     The Court finds that:

(a)     the above-described Settlement Classes are so numerous that the joinder of all members is impracticable;

-3-

(b)    there are questions of law or fact common to the above-described Settlement Classes;

(c)    the claims of the Class Representatives are typical of the claims of the Settlement Classes that Plaintiffs seek to represent;

(d)    the Class Representatives and Class Counsel have fairly and adequately protected the interests of the above-described Class.

8.    The Court further finds that:

(a)    Certification under Rule 23(b)(1)(A) is appropriate because of the risk of inconsistent or varying adjudications with respect to individual members of the Settlement Classes which would establish incompatible standards of conduct for Harmon Law;

(b)    Certification under Rule 23(b)(2) is appropriate in that Harmon Law has allegedly acted or refused to act on grounds generally applicable to the Settlement Classes, thereby making appropriate final injunctive and declaratory relief with respect to the Settlement Classes as a whole;

(c)    Certification under Rule 23(b)(3) is appropriate because: (i) the questions of law or fact common to members of the Settlement Classes, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and (ii) certification of the Settlement Classes is superior to other available methods for the fair and efficient adjudication of the controversies between the Settlement Class Members and Harmon Law.

9.    After due consideration of the Plaintiffs' likelihood of success on the merits; the terms and conditions of the settlement; the extent of discovery and the litigation stage at which

settlement was reached; the recommendation and experience of counsel; the participation of an experienced mediator, the future expenses and likely duration of litigation; the lack of substantial opposition to the settlement; the presence of good faith and absence of collusion; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the Settlement is fair, adequate and reasonable. This Court also finds that the settlement terms fall within the range of settlement terms that are fair, adequate and reasonable.

10.     The distribution plan for the Settlement Fund set out in the Stipulation is approved including, without limitation, *cy pres* distribution of any otherwise undistributed portion of the Settlement Fund to the entities agreed by the Parties in Section IV, Paragraph 1(h) of the Stipulation, without further order of this Court.

11.     The Settlement, including, without limitation, the form of reinstatement and payoff letters attached to the Stipulation as Exhibits E and F, should be and is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Settlement Class Members. Each Settlement Class Member (except those who have excluded themselves from the Settlement Class and who appear on the list attached as Exhibit A to this Order) shall be bound by the Stipulation, including the Release which are hereby incorporated by reference and shall be part of the final judgment in this suit.

12.     The persons who made timely and valid requests for exclusion are excluded from the Settlement Classes and are not bound by this Final Judgment and Order. The identities of such persons are set forth in Exhibit A attached hereto.

13.     Immediately upon entry of this Final Judgment and Order, this case shall be dismissed with prejudice, which dismissal shall be without costs to any party. The Settlement

-5-

approved by this Order resolves all claims and disputes between the Class Representatives, Settlement Class Members, and the "Released Persons" as defined and provided in the Settlement.

14.     The Court orders the Parties to the Settlement to perform their obligations thereunder pursuant to the terms of the Settlement.

15.     This Final Judgment and Order applies to all claims or causes of action settled under the terms of the Settlement, and shall be fully binding with respect to all Settlement Class Members, and as such, Plaintiffs and Settlement Classes Members are permanently barred and enjoined from the institution or prosecution, either directly or in any other capacity, of any action asserting claims that are settled claims, as provided by the Stipulation.

16.     This Final Judgment and Order is a final judgment and is the Order provided for in Section X of the Stipulation.

17.     Without affecting the finality of this Final Judgment and Order in any way, the Court retains jurisdiction over:

    a) implementation and enforcement of the Settlement until each and every act agreed to be performed by the Parties to the Settlement shall have been performed;

    b) any other action necessary to conclude the Settlement and implement the Settlement; and

    c) the enforcement, construction and interpretation of the Settlement.

18.     This Final Judgment and Order does not constitute an expression by the Court of any opinion, position or determination as to the merit or lack of merit of any of the claims and or defenses of the Parties.  Neither this Final Judgment and Order, nor the settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any

-6-

fault or omission by Defendant or be offered or received into evidence as an admission, concession, presumption, or inference of any wrongdoing by Defendant in any proceeding other than such proceedings as are necessary to consummate or enforce the Settlement Agreement.

19.     The Court has considered Plaintiffs' request for attorneys' fees and reimbursement of expenses, and finds the requested fees and expenses appropriate and reasonable for the following reasons.

20.     First, the Court finds that the monetary value of the Settlement is at least $800,000 and that the Settlement also provides additional unquantifiable but nevertheless valuable benefits to class members in the form of practice changes.  The Court therefore considers this Settlement to provide substantial benefits for the Class.  Second, the Court finds that the requested award of attorneys' fees represents 25% of the quantifiable value conferred on the class, and as such is within the range of reasonable fees for similar class action settlements. Third, the Court finds that the requested fee is below the total lodestar fees of Class Counsel, of approximately $595,000.  Having reviewed the Declaration of Gary Klein and the Joint Declaration of Plaintiffs' Counsel, the Court finds Class Counsel's time spent on these cases is reasonable and the hourly rates are based on hourly rates typical for lawyers of similar experience in this community.

21.     In addition, the Court finds that this Settlement confers a benefit through the practice changes agreed to in the Settlement, which will benefit borrowers outside the Settlement Classes as well as those in the Class. The court also finds that this litigation raised numerous novel and complicated questions of law and fact, that Plaintiffs' counsel was opposed by highly skilled defense counsel, that the litigation was intensely contested through the completion of the

Settlement, and that there was substantial risk that Plaintiffs would not prevail on some or all of their claims. Moreover, the Settlement was negotiated at arms' length and under the supervision of a highly qualified mediator. Finally, the Court notes that the class notice specifically and clearly advised the Class that counsel would seek a fee of not more than 25% of the Settlement Fund.

22.     Accordingly, based on these factors and other matters appearing of record, the Court finds that the amount requested in attorneys' fees and expenses is reasonable. The Court therefore approves the award of Class Counsel's fees in the amount of two hundred thousand dollars ($200,000) plus accrued interest thereon and actual costs in the amount of $8,962.09, which shall be paid from the Settlement Fund as provided in the Settlement.

23.     The Court finds that the requested service payments to the Class Representatives are reasonable and compensate the Class Representatives for the time and effort expended in prosecuting this and similar actions. No objections were raised to the service payments. The court therefore approves the award of service fees for the Class Representatives in the amount of $5,000 each to be paid from the Settlement Fund as provided in the Settlement. The Class Representatives will not be entitled to receive any additional payments other than their service fee and their *pro rata* payment from the Settlement Fund under the Agreement.

24.     Five written objections to the Settlement have been raised.  The Court has carefully considered those objections on file and provided an opportunity for all such objectors to present arguments to the Court in writing and at the Fairness Hearing. Having considered those objections and arguments, the Court finds that the objectors have not advanced any adequate justification for disapproval or modification of the Settlement and the objections are therefore

overruled.   Further, the Court overrules the Objection of George K. Tarvezian, Jr. on the

additional ground that Mr. Tarvezian has validly excluded himself from the Class, has not

released any claims or bound himself by the Settlement, and therefore lacks standing to object.

Finally, any oral objections presented by a class member at the hearing in this matter, without

having previously raised such objection in writing, are overruled both because they lack adequate

justification for disapproval or modification of the Settlement and because the objections did not

comply procedurally with the terms of the Settlement Agreement as set forth in clear provisions

governing objections contained in the Notice to Class Members.

25.      The Parties' request that this Court extend the July 7, 2006 deadline for

submitting claims up to and through July 31, 2006, and deem all claims postmarked by July 31,

2006 as allowed is approved.   Further, this Court will consider any claims postmarked after July

31, 2006 on a case-by-case basis for good cause shown, provided that an appropriate motion is

made by the Claimant before the Settlement Fund is actually distributed.

26.      In accordance with and set forth in the Settlement, and to effectuate the

Settlement, the Court hereby confirms the appointment of A.B. Data, Ltd. as the Settlement

Administrator. In accordance with and as set forth in the Settlement, the Parties to this case shall

take all steps required to implement the Settlement. Without limiting the foregoing, Harmon Law

shall:

> (a)      Make a payment into the Settlement Fund by wire transfer in the amount
>
> of $200,000 within five (5) business days following entry of the Final
>
> Approval Order, as provided in the Settlement; and

      (b)     Make a payment into the Settlement Fund by wire transfer in the amount

of $400,000 within five (5) business days following the Effective Date of

this Settlement, as provided in the Settlement.

    27.    The Court finds no just reason to delay entry of this Final Judgment and Order.

Accordingly, the Clerk is hereby directed forthwith to enter this Final Judgment and Order

pursuant to Fed. R. Civ. P. 58.

Dated: _____9-14-06._____

_____
United States District Judge

Attachment:  Exhibit A,
Listing Class Members who timely
requested exclusion.

-10-